IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JAMES RON GREEN, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:04cv227 |
| | § | |
| NICHOLSON MANUFACTURING | § | |
| COMPANY | § | |

## ORDER

Now before the Court are plaintiff's Motion to Compel (Doc. #25), defendant's Motion to Exclude Plaintiff's Expert Witnesses (Doc. #21), defendant's Motion for a Protective Order (Doc. #35), defendant's Motion to Extend Time to File Supplemental Expert Reports (Doc. #36). These motions present overlapping issues of discovery, and will be dealt with together. After due consideration, plaintiff's Motion to Compel (Doc. #25) is GRANTED in part and DENIED in part; defendant's Motion to Exclude Plaintiff's Expert Witness (Doc. #21) is DENIED, defendant's Motion for a Protective Order (Doc. #35) is GRANTED in part and DENIED in part; and defendant's Motion to Extend Time to File Supplemental Expert Reports (Doc. #36) is GRANTED.

DISCUSSION

Plaintiff James Ron Green ("Green") alleges that defendant, Nicholson Manufacturing Company ("Nicholson") violated the Age Discrimination in Employment Act 29 U.S.C. § 621 ("ADEA") by terminating him on October 6, 2003, but Nicholson counters that the 58 year old Green was terminated for poor job performance, not as a result of his age. Plaintiff filed suit on November 8, 2005, but numerous discovery disputes have arisen, and the four motions currently before the Court represent two disputes between the parties.

First, defendant refused to answer plaintiff's interrogatories and requests for production.

Plaintiff argues that defendant should be compelled to respond to all of the requests and interrogatories, while defendant contends that some of its confidential business information could be compromised by production, and requests a protective order be entered before production. Second, plaintiff failed to file a complete expert report before the Court's deadline, and defendant moves to exclude plaintiff's experts altogether or alternatively, requests additional time to supplement its expert reports. Plaintiff responds that its experts should not be excluded because defendant contributed to the delay by refusing to hand over relevant information that its experts needed to create their reports. The two disputes will be dealt with in turn, beginning with defendant's Motion for Protective Order and plaintiff's Motion to Compel.

On May 12, 2005, plaintiff forwarded defendant a set of interrogatories and requests for production that sought information concerning plaintiff's employment record, circumstances surrounding his termination, and general information about Nicholson's business activities. (Plaintiff's Motion to Compel, Doc. #25, Exhibit A). Defendant refused to produce any new documents, and answered only one of plaintiff's seven interrogatories, electing to register objections based on relevance, over breadth, undue burden, insufficient limit on time and scope, invasion of privacy, trade secret or proprietary information, insufficient definition of term, or previous production of responsive documents. (Exhibit C, Motion to Compel).

Plaintiff argues that Nicholson's employment and business records are vital to his age discrimination claim, and defendant should be ordered to turn over this information immediately. Defendant concedes that the information is essential to the lawsuit, but contends that plaintiff could discover sufficient information in support of its claim without Nicholson's compliance. In addition, defendant argues that much of the information plaintiff seeks is confidential or proprietary information that it will only produce after a protective order is in place, but the parties have failed

to agree on a protective order. Although, a protective order would resolve a only small minority of the objections currently before the Court, a protective order should be in place to protect defendant's sensitive business information and expedite discovery.

Under Fed. R. Civ. P. 26(c)(7), the Court may require, "that a trade secret or other confidential research, development, or commercial information...be revealed only in a designated way." Nicholson requests that the Court protect its sales information and other sensitive business information from disclosure outside of the litigation. As the moving party, Nicholson must certify that it was unsuccessful in its good faith attempt to resolve the issue with Green, and must establish good cause for the protection sought. Fed. R. Civ. P. 26(c)(7). Courts have wide discretion in determining whether a protective order is appropriate, and how disclosure of the sensitive information should be restricted. *Struthers Scientific & Intern. Corp. v. General Goods Corp.*, 45 F.R.D. 375, (5th Cir. 1982); see also C. Wright and A. Miller, 8 Fed. Prac. & Proc. Civ.2d § 2043 (2005). After due consideration, the Court finds that defendant attempted in good faith to execute a protective order, and that good cause exists to support a protective order

Green's performance as a salesman for defendant is a central issue in this lawsuit, therefore Nicholson's sales records are indispensable. However, defendant's client information and sales contacts represent business relationships developed over years whose value could be needlessly compromised by public disclosure. Certainly, the information can not be categorized as a true trade secret, and does not justify outright protection from discovery, but defendant requests only moderate protection that will not burden plaintiff's legitimate use of the information during the litigation. Parties routinely agree to these types of arrangements, and in the interest of protecting defendant's product designs, confidential sales information, and other sensitive information whose public disclosure would be harmful, the Court finds that a limited protective order is appropriate in this

case. Therefore, plaintiff is ORDERED to generate a protective agreement consistent with this Order, and present it to defendant within 3 days. Upon execution of the agreement by the parties, and subject to other orders contained herein, defendant is ORDERED to respond to plaintiff's Requests for Production No. 3, 9, and 12, and answer plaintiff's Interrogatory No. 7. Having disposed of defendant's Motion for Protective Order, the Court will examine defendant's remaining objections disputed in plaintiff's Motion to Compel.

Plaintiff requests that the Court compel defendant to respond to interrogatories and requests for production tendered to defendant on May 16, 2005. The interrogatories will be dealt with first. Plaintiff submitted seven interrogatories to defendant who responded to one (Interrogatory No. 3), and objected to the remaining six. Plaintiff requests information concerning the cost and manner of calculating the cost of health insurance for Green while employed at Nicholson. The insurance costs associated with plaintiff's employment are relevant and should be known by both parties, thus both the cost and the method of calculating that cost should be made available. (Interrogatories No. 1, 2). Sales revenues are also at issue in this case, and defendant should respond to the interrogatory concerning sales revenues (Interrogatory No. 6). Accordingly, it is ORDERED that defendant respond to Interrogatories No. 1, 2, and 6 tendered by plaintiff on May 16, 2005. It should be noted that Interrogatory No. 7 also requests information related to sales revenues, but defendant has already been ordered to answer this interrogatory subject to a protective agreement executed by both parties and defendant need not be ordered to answer the same interrogatory twice.

Plaintiff also requests information concerning a case it refers to as *Weyerhaeuser v. Cascade, no cite* (Interrogatories No. 4 and 5), but no facts have been brought before the Court establishing any facts about that case or any connection it may have to the lawsuit at hand. Therefore, the Court is reluctant to compel defendant to answer Interrogatories 4 and 5 without some basis to believe that

the information is discoverable. The Court is by no means making any determination that the information surrounding *Weyerhaeuser*, supra, is not discoverable, but at this time, plaintiff has not plead sufficient facts to support an order compelling defendant to answer. Should the plaintiff gather additional information to support its Motion to Compel as to Interrogatories No. 4 and 5, it would be free to renew its motion before the Court.

Alongside the interrogatories discussed above, defendant also refused to comply with a set of requests for production plaintiff tendered at the same time. Defendant objects to plaintiff's requests for production on several grounds, and while most of the objections would support a partial refusal to produce documents, only a few of defendant's outright refusals seem justified. One of defendant's many objections provides that defendant need not produce further documents because responsive documents have already been produced. (Requests for Production No. 1, 2, and 4). If the documents referred to are in fact responsive, then the objection justifies defendant's outright refusal to produce documents. However, the substance of those documents has not been communicated to the Court by either side. Therefore, the Court will not consider defendant's objection that it has already produced responsive documents entered in response to Request for Production No. 1, 2, or 4. Similarly, the Court will not consider plaintiff's Motion to Compel concerning Request for Production No. 7, which relates to a case styled *Weyerhaeuser v. Cascade*, supra. As discussed above, considering the matter at this point would be premature because neither party has brought sufficient facts before the Court, thus plaintiff's Request for Production No. 7 will not be dealt with in this order.

Defendant objects to plaintiff's requests for production of personnel files for some of defendant's employees who are not directly involved in the lawsuit on the grounds that the invasion of privacy is unwarranted. (Request for Production No. 5 and 6). Defendant makes a similar

objection to plaintiff's request for employment and personnel records for plaintiff's supervisor, Ernie Green, which relate to his employment before joining Nicholson. (Request for Production No. 8). Although this sort of discovery may seem invasive, it is justified in this case where the main issue is whether defendant treated plaintiff differently from other employees because of his age. Defendant argues that plaintiff was terminated for poor performance, and plaintiff must establish that this reason was merely a pretext, and defendant in fact terminated him because of his age. In order to establish that defendant's asserted reason was merely a pretext, plaintiff will must present evidence that he was treated differently than similarly performing sales personnel who are younger. Exercising broad discretion in matters of discovery, trial Courts consistently allow discovery of personnel files in light of the importance of establishing pretext in discrimination cases. *Freundensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327 (5th Cir. 2004); *Coughlin v. Lee*, 946 F.2d 1152 (5th Cir. 1991); *Brown v. Arlen Management Corp.*, 663 F.2d 575 (5th Cir. 1981). In investigating a particular claim of discrimination, the most intense examination will naturally focus on the relevant employment section or group of employees, which in this case is the sales unit administered by plaintiff's supervisor, Ernie Green. *EEOC v. Packard Electric Division, General Motors Corp.*, 569 F.2d 315 (5th Cir. 1978); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588 (5th Cir. 1978). Therefore, the Court is inclined to encourage broad discovery to illuminate the close factual issues inherent in age discrimination cases. In consideration of the foregoing discussion and limitations, the requests for production will be dealt with individually.

Request for Production No. 1 - Defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 2 - Plaintiff is ORDERED to define "reprimand" and "reports". After plaintiff provides definitions for "reprimand" and "reports", defendant is ORDERED to

produce all responsive documents not previously produced.

Request for Production No. 3 - Plaintiff is ORDERED to define "sales reviews". After plaintiff provides a definition of "sales reviews", defendant is ORDERED to produce all responsive documents not previously produced, in accordance with the protective agreement to be executed by the parties.

Request for Production No. 4 - Plaintiff is ORDERED to define "changes made in the territories," and to set a reasonable time period within which the documents sought must have been created. After plaintiff defines "changes made in the territories" and sets a reasonable time period, defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 5 - Defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 6 - Defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 8 - Defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 9 - Plaintiff is ORDERED to define "call reports" and "manual reports". Subject to the protective agreement to be executed by the parties, defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 10 - Defendant is ORDERED to produce all responsive documents not previously produced.

Request for Production No. 11 - Defendant is ORDERED to produce all responsive documents in its possession, not previously produced.

Request for Production No. 12 - Plaintiff is ORDERED to narrow the request in time and

scope, and to define with greater particularity the content sought. Subject to the protective agreement to be executed by the parties, after plaintiff narrows its request in time and scope, and defines the content it seeks with particularity, defendant is ORDERED to produce all responsive documents in its possession, not previously produced.

Request for Production No. 13 - Plaintiff makes a blanket request for all memorandums, correspondence, and other documents generated by defendant's other sales employees that are likely to bear significantly on any claim or defense in this lawsuit. Defendant objected, and alternatively claimed that it had no responsive documents. If plaintiff wishes, it may refine its request and resubmit it, but the Court enters no order as to this request for production at this time.

The last issue before the Court involves defendant's Motion to Exclude Plaintiff's Expert Witnesses (Doc. #21) and its alternative Motion to Extend Time to File Supplemental Expert Reports (Doc. #36). Plaintiff failed to supply defendant with sufficient expert reports within the time period prescribed by the Court, but asserts that its experts could not produce sufficient reports before the deadline because defendant refused respond to its interrogatories and requests for production. (Doc. #16). Defendant argues plaintiff should have supplied sufficient expert reports notwithstanding its refusal to comply with plaintiff's requests for production and interrogatories, and moves to exclude plaintiff's expert witness. (Doc. #21). However, precluding plaintiff from calling expert witnesses at trial is a serious sanction that is not warranted under the circumstances. Although plaintiff was very late in providing defendant with sufficient expert reports, any prejudice defendant suffered may be relieved by granting defendant additional time to supplement its expert reports. Therefore, defendant's Motion to Exclude Plaintiff's Expert Witnesses (Doc. #21) is DENIED, but defendant's Motion to Extend Time to File Supplemental Expert Reports (Doc. #42) is GRANTED. It is

ORDERED that defendant be given until the close of discovery to supplement its expert reports.

**SIGNED** this **23** day of **September, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE